[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11659
Non-Argument Calendar

_____

Agency No. A73-050-847

KAI LI,
a.k.a. Zhongade Li,
a.k.a. Zhong De A. Li,
a.k.a. Zhong De Li,
a.k.a. Zhongande Li,
a.k.a. Zhongand Li,

                                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 23, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Kai Li, a citizen of China, petitions for review of a final order of the Board

of Immigration Appeals ("BIA") affirming the immigration judge's ("IJ") denial of

his application for asylum, withholding of removal and relief under the United

Nations Convention Against Torture ("CAT") and denying Li's motion to reopen.

After review, we dismiss in part and deny in part Li's petition.[1]

## I. BACKGROUND

In September 1994, Li filed an application for asylum based on his

participation in pro-democracy, student demonstrations in China. In 1995, the IJ

denied Li's request for asylum, but granted his request for voluntary departure. Li

did not appeal this decision to the BIA. In 1997, Li failed to appear for deportation

as directed.

On August 29, 2003, Li filed a motion to reopen his asylum proceedings

based on his marriage to a United States citizen, with whom he has fathered two

children, also United States citizens. Li contended that if he was returned to China

---

[1]Because Li failed to raise his CAT claim before the BIA, we lack jurisdiction to review this claim. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1) (requiring an alien to exhaust administrative remedies before seeking judicial review); Fernandez-Bernal v. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001) (explaining we lack jurisdiction to review claims an alien fails to raise before the BIA). For the same reason, we lack jurisdiction to review Li's arguments on appeal that he received ineffective assistance of counsel during his immigration proceedings and that he will be persecuted for leaving China illegally. Accordingly, we dismiss Li's petition for review as to these claims.

2

he would be forcibly sterilized by the Chinese government for violating its one-child policy.

On May 21, 2004, an IJ granted Li's motion to reopen, but noted that Li appeared to have separate asylum proceedings pending under a different name and alien number, which should be examined more closely during the reopened hearing.[2] At Li's request, his asylum proceedings were transferred from New York to Miami, where a new IJ held a reopened asylum hearing.

After hearing testimony from Li, the IJ concluded that Li's motion to reopen should not have been conditionally granted and denied the motion to reopen. The IJ found that Li had been deceptive in maintaining separate asylum proceedings under different names and alien numbers. Consequently, the IJ concluded that Li did not "deserve to be allowed asylum in the exercise of discretion" and that, even if the asylum proceedings were properly reopened, the IJ "would deny [Li] asylum in the exercise of discretion." Finally, the IJ found that Li had failed to show a well-founded fear of persecution if he were returned to China because only Li was being deported, not his wife and children, and Chinese government would not know he had violated the one-child policy.

---

[2]Li had filed another asylum application using the name Zhong De Li and a different alien number (A29 729 081). Li failed to appear at his deportation hearing in these proceedings and was ordered deported in absentia on June 16, 1995. On August 29, 2003, Li filed a substantially similar motion to reopen in this other asylum case. On September 16, 2003, an IJ denied the motion to reopen, and, on June 9, 2004, the BIA affirmed.

Li appealed to the BIA, arguing that: (1) the IJ was precluded by the doctrine of law of the case from revisiting the previous IJ's decision to reopen his asylum proceedings; (2) the IJ improperly limited Li's evidence of persecution during the hearing; and (3) that Li had established a well-founded fear of persecution. However, Li did not challenge the IJ's <u>discretionary</u> denial of asylum. Li also filed a motion to reopen before the BIA, arguing that couples who return to China with more than one child face serious consequences.

The BIA entered an order denying all relief. The BIA agreed with the IJ that Li's use of multiple names and alien numbers was deceptive and concluded that "[t]his deception provides ample grounds to deny asylum in discretion." The BIA alternatively determined that Li had failed to show an objectively reasonable fear of future persecution. The BIA also denied Li's motion to reopen filed in the BIA. Li filed this petition for review.

## II. DISCUSSION

### A. Reconsideration of Motion to Reopen

On appeal, Li argues that the BIA abused its discretion when it affirmed the IJ's re-adjudication of Li's motion to reopen. Li's argument misconstrues the BIA's ruling. The BIA did <u>not</u> adopt or affirm the part of the IJ's decision reconsidering and denying Li's motion to reopen. In fact, the BIA treated the

4

proceedings as reopened, considered Li's asylum request on the merits and affirmed the denial of his asylum request.

## B.    Asylum Claim

Li also argues that he is entitled to asylum because he demonstrated a well-founded fear of persecution based on his violation of the one-child policy. However, the BIA denied Li asylum on two separate grounds: (1) Li had failed to prove a well-founded fear of persecution; and (2) Li's asylum request should be denied as a matter of discretion because of his deceptive use of different names and alien numbers in separate asylum proceedings. On appeal, Li challenges only the first ground and does not argue that the BIA erred in its discretionary denial of asylum.[3] Because a separate basis for the BIA's asylum decision remains undisturbed, we have no cause to grant Li's petition for review as to his asylum claim.

## C.    Withholding of Removal Claim

---

[3]The discretionary denial of asylum is "conclusive unless manifestly contrary to the law and an abuse of discretion." INA § 242(b)(4)(D), 8 U.S.C. § 1252(b)(4)(D). Li's brief to this Court focuses solely on whether his evidence met the "well founded fear" standard and does not argue that the discretionary denial of asylum was manifestly contrary to law and an abuse of discretion. In any event, even if Li challenged the discretionary denial of asylum in this Court, we would lack jurisdiction to review it because Li also failed to raise this challenge before the BIA. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-1251 (11th Cir. 2006).

Li also contends that his evidence of the harm he and his family will face if they return to China established that he is entitled to withholding of removal.[4]

An alien is entitled to withholding of removal if he can show that his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group or political opinion. INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); see also Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). To qualify for withholding of removal, an alien must show that it is more likely than not that he will be persecuted or tortured upon his return to the country in question. Id. at 1287. The alien can meet this burden by showing either: (1) "past persecution in his country based on a protected ground," in which case a rebuttable presumption is created that his life or freedom would be threatened if he is returned to his country; or (2) "a future threat to his life or freedom on a protected ground in his country." Id.

_____

[4]When, as here, the BIA issues its own opinion without expressly adopting the IJ's decision, we review only the BIA's decision. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007). To the extent that the BIA's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-1284 (11th Cir. 2001) (quotation marks omitted). The substantial evidence test is deferential and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (quotation marks omitted). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). The fact that evidence in the record may support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Here, Li's withholding of removal claim rests solely on a fear of future persecution. For purposes of determinations under the Immigration and Nationality Act, persons who have a well founded fear that they will be forced to undergo sterilization or an abortion or that they will be persecuted for refusing to undergo such procedures are deemed to have a well founded fear of "persecution on account of political opinion." INA § 101(a)(42), 8 U.S.C. § 1101(a)(42). To establish a well founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." Al Najjar v. Ashcroft, 257 F.3d 1262, 1289 (11th Cir. 2001) (discussing the well founded fear standard in the context of an asylum claim).

For several reasons, our review of the record persuades us that substantial evidence supports the BIA's determination that Li's fear of persecution was not objectively reasonable. First, the 2004 United States Department of State Country Report on China indicates that China's policy formally prohibits the use of physical coercion to submit a person to sterilization or abortion, and that only a few cases were reported that year. Primarily, the policy is enforced through social and financial pressures. Second, the record contains evidence that Chinese nationals, like Li, who return to China after having unauthorized children overseas are treated leniently by Chinese authorities; may receive, at most, modest fines; and may be excused from penalties altogether. See Yang v. U.S. Att'y Gen., 418

7

F.3d 1198, 1203 (11th Cir. 2005) (concluding that a single fine for failure to comply with family planning policy does not amount to persecution).[5]

Third, the BIA cited the 2005 Profile of Asylum Claims and Country Conditions, which stated that, in Li's home province of Fujian, families in which both parents are Chinese citizens would be expected to pay social compensation fees for unauthorized children attending school and to comply with the family planning policy in future. However, where one of the parents has "residency rights in another country," such as Li's wife, the family receives special treatment under family planning laws. Indeed, Li presented no evidence that a returning Chinese citizen whose spouse and children are United States citizens is subjected to substantial fines or forced sterilization or contraception.[6]

### D.      Motion to Reopen Filed with the BIA

---

[5]Li cites Guo v. Gonzales, 463 F.3d 109 (2d Cir. 2006), but Guo is distinguishable both procedurally and factually. First, Guo reviewed a decision to deny a motion to reopen a claim for CAT relief, not a decision to deny withholding of removal on the merits. See 463 F.3d at 111. Second, Guo involved Chinese citizens who had born one child in China and a second child in the United States. It also does not appear that the alien's spouse in Guo was a United States citizen. See id. at 111-12. Furthermore, the alien in Guo submitted certain documents with her motion to reopen that Li has not submitted in this case. Finally, the BIA failed to consider Guo's documents, which is not the situation in Li's case. See id. at 113.

[6]Although the 2003 affidavit of John Aird supports Li's contention that couples with Chinese citizenship who have given birth to unauthorized children overseas are subject to coercive family planning measures upon their return, much of the information contained in the Aird affidavit relates to the 1980s and 1990s. Furthermore, the 2003 Aird affidavit does not address couples in which one spouse is a United States citizen. Thus, the Aird affidavit does not compel the conclusion that Li had an objectively reasonable fear of persecution if he is returned to China.

8

Li argues that the BIA abused its discretion in denying the motion to reopen filed with the BIA during the pendency of his BIA appeal.[7]

An alien may file only one motion to reopen and must do so based on new evidence within ninety days of the entry of the final order of removal. INA § 240(c)(7)(A), (C)(i), 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(1)-(2). The ninety-day limit is mandatory and jurisdictional and therefore not subject to equitable tolling. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). An exception to the ninety-day limit exists if the alien is reapplying for asylum and withholding of removal "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." INA § 240(c)(7)(C)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

Here, Li's third motion to reopen exceeded the one-motion requirement and was filed eleven years after an IJ entered a deportation order against him. Furthermore, Li did not show that some of the evidence he submitted in support of his motion to reopen was unavailable and could not have been discovered and

[7]We review the BIA's denial of a motion to reopen for abuse of discretion. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). Specifically, "[o]ur review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (quotation marks omitted).

presented at his 2005 hearing.[8]  Finally, the remainder of Li's evidence–the 2005 Country Report and an updated affidavit by John Aird dated 2005–does not demonstrate changed circumstances in China.[9]  Li's motion to reopen is based not upon changed country circumstances, but upon changed personal circumstances–his marriage to a United States citizen and the intervening birth of his two children–which are not grounds for granting a motion to reopen based on changed circumstances.  The BIA's decision to deny Li's motion to reopen was not an abuse of discretion.

**PETITION DENIED IN PART, DISMISSED IN PART.**

---

[8]Li submitted a 1995 Department of Justice report containing information that was material on the subject of couples returning to China after having given birth to children abroad.

[9]The 2005 Aird affidavit notes that Chinese official correspondence indicates that couples who have permanent residence status abroad–which is relevant at least to Li's wife–would be granted exceptions to family planning enforcement upon resettlement in China.  Li's motion also cited the 2005 Profile of Asylum Claims and Country Conditions, which noted that where one Chinese parent has residency rights in another country, such as Li's wife, the couple will receive special treatment upon returning to China.